# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3563 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Moser vs. Ayala et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to to take limited written depositions of third parties [Dkt. No. 80] is granted in part and denied in part as stated below.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court is the Plaintiff's motion for leave to take limited written depositions of third parties. For the following reasons, the motion is granted in part and denied in part.

### I. INTRODUCTION & LEGAL STANDARD

Plaintiff has sued several defendants, alleging copyright infringement by musician Ramon Ayala. Several defendants have moved to dismiss, citing lack of personal jurisdiction and moving, in the alternative, to transfer venue. The Court ordered limited discovery to address the jurisdiction and venue questions. Plaintiff now seeks to expand discovery to third parties. When a defendant challenges jurisdiction by way of a motion to dismiss, Plaintiff bears the burden of proving his *prima facia* case of jurisdiction. *United Wholesale LLC v. Traffic Jam Events, et al*, No. 11-C-2637, 2012 U.S. Dist. LEXIS 76724, at *1 (N.D. Ill. June 4, 2012). Generally, jurisdictional discovery is justified if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue. *Id*. at *2.

### II. APPLICATION

Defendant Ayala challenges jurisdiction, despite performing and appearing at promotional events in Illniois. While sales of Ayala's allegedly infringing work have been sold in Illinois, Defendant UMG says only 97 copies were shipped here. That strikes the Court as enough, but jurisdiction is a particularly vexing area of law and whether those sales by UMG can be imputed to other Defendants is an open question. UMG denies any of the money received from Illinois sales went to Defendants Ayala or El Cartel. Accordingly, Plaintiff seeks further evidence of Illinois sales from Apple and Amazon that would support jurisdiction against one or more Defendants. With UMG sales funds unconnected, at this point, to Ayala and El Cartel, the **Apple** and **Amazon** discovery requests are appropriate, and therefore granted.

So too is the discovery request concerning **Best Buy**. Plaintiff contends Ayala appeared at a Best Buy store to promote his music. If true, this would help refute Ayala's claim of lack of substantial contacts with

## STATEMENT

Illinois and is therefore granted.

Finally, Ayala claims he can't remember if he ever performed the offending song live in Illinois. Such performance, Plaintiff notes, would constitute the commission of a tort against Plaintiff here in Illinois and would be strong evidence of jurisdiction over Ayala. Discovery from **Cardenas**, a promotion company, might reveal this fact, Plaintiff claims. Accordingly, such discovery is granted.

Lastly, Plaintiff seeks discovery from Defendant **UMG's local distributor**, an as-yet unnamed party in filings. Defendant UMG has stated the distributor shipped 97 copies of the offending work here, but it did not produce documentation reflecting that, averring that such documents were in the distributor's control. Plaintiff wants further discovery from the distributor, both to test UMG's information with original documentation and to discover if the distributor has any further evidence regarding business Ayala and El Cartel did here. Given that Ayala and El Cartel dispute jurisdiction, this seems appropriate.

Defendants Ayala, El Cartel and Los Cangris do not argue that most of Plaintiff's requests are not intended to produce relevant evidence regarding jurisdiction. Instead, they argue a few requests are overbroad in that they seek sales information and agreements that extend beyond Illinois and are thus beyond the scope of limited jurisdictional discovery. As was noted when Defendants requested this briefing, the Court takes a broad view of discovery. The Court believes that what percentage of sales came from Illinois may be relevant, and accordingly, questions regarding gross sales and revenues – both in regards to the offending works and others – are allowed. The Court agrees, however, that asking third parties for *all* agreements with Ramon Ayala and Los Cangris goes beyond jurisdictional issues. Accordingly, those requests are denied.

The Court also appreciates UMG's argument that it is not fighting jurisdiction, only venue, and should not have to pay for a battle it is not fighting. However, to the extent that discovery may aid Plaintiff in the jurisdictional battle against UMG's co-Defendants, he is entitled to it. With the Ayala defendants continuing to dispute jurisdiction, the Court is loathe to keep Plaintiff from bearing his burden of showing jurisdiction is appropriate.

But the Court agrees that is not UMG's fight. While the Court takes a broad view of relevance, it has no desire to promote overly burdensome requests. Therefore, because Plaintiff has not enunciated a clear basis for how the requested discovery will aid it in its venue fight against UMG, but UMG must participate in the depositions nonetheless, Plaintiff will be taxed with UMG's costs and attorney's fees for its participation in this expanded discovery.

Lastly, as per the protective order in place, Defendants are entitled to mark any discovery "confidential" if they in good faith believe it to be so, and Plaintiff is allowed to challenge that designation if he disputes it.

### III. CONCLUSION

The motion for leave to take limited written depositions of third parties is granted in part and denied in part as stated above.